**NOT FOR PUBLICATION**                                                      **CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANG MING (AMERICA) CORP., | |
| Plaintiff, | |
| | **Civil Action No. 09-2021 (SRC)** |
| v. | |
| | **OPINION** |
| TRANSPORTATION SPECIALISTS, INC., et al., | |
| Defendants. | |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion to dismiss or transfer venue pursuant to 28 U.S.C. § 1406(a) filed by Defendants Transportation Specialists, Inc. ("TSI") and Arnold Grisham ("Grisham") (collectively, "Defendants") [docket entry 3].  Plaintiff Yang Ming (America) Corp. ("Plaintiff" or "Yang Ming") has opposed the motion.  The Court has considered the parties' submissions in connection with this motion.  Pursuant to Federal Rule of Civil Procedure 78, it rules on the motion without oral argument.  For the reasons that follow, the Court grants in part and denies in part Defendants' motion and transfers this action to the United States District Court for the Western District of Tennessee.

**I.    BACKGROUND**

      This action is based on Defendants' alleged failure to pay shipping and related charges. According to the Complaint, Plaintiff Yang Ming arranged for the transportation of goods

belonging to TSI or its customers by common carrier, pursuant to the contract of carriage between Plaintiff and Defendants and pursuant to the Uniform Intermodal Interchange and Facilities Access Agreement ("UIIA") between the parties.  TSI is in the business of transporting freight.  The Complaint alleges that Defendants received their goods and took possession of them at the agreed port of destination, which the motion papers reveal was a freight yard in Memphis, Tennessee.  It further alleges that despite Plaintiff's performance of its contractual duties, Defendants failed to make payment of the required shipping and accessorial charges.  Plaintiff alleges that Defendants owe $208,255.00 in connection with the subject transaction.

Of relevance to this motion, Plaintiff is a New Jersey corporation with its principal place of business in Jersey City, New Jersey and TSI is a Tennessee corporation with its principal place of business in Memphis, Tennessee.  Grisham, TSI's Vice President of Operations, resides in Mississippi.  Plaintiff asserts in the Complaint that venue is proper in this Court because the parties reside and/or do business in the United States of America and because the contract between them is governed by the laws of the United States.

**II.    DISCUSSION**

Venue of federal court actions is governed by 28 U.S.C. § 1391.  The standard for proper venue depends on whether subject matter jurisdiction is based solely on diversity of citizenship or not.  The Complaint states that this Court has subject matter jurisdiction over this action based on diversity, 28 U.S.C. § 1332, and admiralty or maritime jurisdiction, 28 U.S.C. § 1333.  However, the Court notes from its review of the Complaint that the pleading does not make the maritime nature of the claims apparent.  Indeed, the shipment at issue appears to have been made

by rail to Memphis, where TSI, a trucking company, received delivery.  The shipment and the contract pursuant to which it was made are not wholly maritime in nature, nor is the overland transportation of cargo merely incidental to primary maritime obligations.  Thus, admiralty jurisdiction, under 28 U.S.C. § 1333, does not attach.  Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 880 (3d Cir. 1992).  The Court further notes that Plaintiff, in its motion papers, treats the action as one founded on diversity jurisdiction.  Thus, the Court will analyze the instant motion under the venue standard applicable to actions grounded solely in diversity jurisdiction.

The venue statute directs that an action in which federal subject matter jurisdiction is founded solely on diversity of citizenship may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  When a plaintiff has filed a case laying venue in the wrong district, the district court may dismiss the action, or in the interest of justice, transfer venue to a district where the action could have been brought.  28 U.S.C. § 1406(a).

Defendants are correct that, pursuant to 28 U.S.C. § 1391(a), the District of New Jersey is the incorrect venue for this action.  Defendants assert, and Plaintiff does not deny, that the events or omissions giving rise to this lawsuit did not occur in the District of New Jersey.  Moreover, based on the information presented to the Court, it does not appear that either TSI or Grisham reside in New Jersey.  Grisham is a resident of Mississippi.  As for TSI, the venue statute deems the residence of a defendant corporation to be any judicial district in which it is subject to

personal jurisdiction. 28 U.S.C. § 1391(c). Plaintiff has failed to meet its burden of demonstrating that either general or specific jurisdiction exists over Defendants in New Jersey. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). Thus, venue in New Jersey would also not be proper under subsection (2) or (3) of § 1391(a).

For general jurisdiction to attach, Plaintiff must prove that each corporate and individual defendant had ongoing, continuous, and systematic contacts with New Jersey. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). Plaintiff has provided no proofs to this effect. By affidavits, Defendants have demonstrated that they are not subject to general jurisdiction in the State of New Jersey. Defendants do not regularly conduct business in the State of New Jersey, nor do they own property, maintain bank accounts, addresses or telephone numbers in New Jersey.

Rather, Plaintiff argues that Defendants have sufficient minimum contacts with the State of New Jersey to support specific jurisdiction. However, Plaintiff's evidence of Defendants' contacts with New Jersey falls far short of establishing specific jurisdiction. Specific jurisdiction may arise when the claim is related to or arises out of the defendant's contacts with the forum. Helicopteros, 466 U.S. at 414. The contacts it indicates consist of Yang Ming's issuance of invoices to TSI from Yang Ming's New Jersey office, TSI's remitting payment to the New Jersey office, communications directed at Yang Ming's New Jersey office regarding forbearance on the collection of outstanding bills, and a request that Yang Ming assist TSI in its efforts to collect amounts owed from its own customers. Plaintiff argues that minimum contacts are demonstrated by Defendants' general business relationship with Yang Ming, a company located in New Jersey. Plaintiff is wrong. The fact that a non-resident has contracted with a resident of the forum state

is not, by itself, sufficient to justify personal jurisdiction over the nonresident.  Mellon Bank (East) PSFS Nat'l Ass'n v. Farino, 960 F.2d 1167, 1223 (3d Cir. 1992).  Moreover, Plaintiff has not demonstrated any contact between Defendants and New Jersey related to the claims at issue in this lawsuit, which arose out of the failure to pay for shipping upon Defendants' receipt of goods in Tennessee transported by Yang Ming to Memphis.   As for the Complaint's assertion that venue is proper in this district based on the parties' presence in the United States, this purported basis lacks legal support.  Indeed, personal jurisdiction over a defendant must be established with regard to a particular forum state, in this case New Jersey, not with regard to the United States generally.  See, e.g., XL Specialty Ins. Co. v. Melexis GMBH, No. 07-1018 (DRD), 2007 U.S. Dist. LEXIS 76672, at *8-9 (D.N.J. Oct. 16, 2007) (rejecting plaintiff's arguments that defendant parent corporation's operation of various subsidiaries in the United States and the defendant's application for United States patents established general personal jurisdiction over the defendant because "[t]he plaintiff must show that the defendant maintains contacts with the *forum state*, not simply with the United States.") (emphasis in original).

  Defendants, in their motion, further argue that per the UIIA's forum selection clause, the proper venue for this action would be the Western District of Tennessee.  As both Defendants appear to be subject to personal jurisdiction in Tennessee, venue in the Western District of Tennessee would be proper under 28 U.S.C. § 1391(a)(3).  Moreover, Plaintiff agrees to a transfer of this action to that district.  Thus, in the interests of justice and in the Court's discretion, the Court will not dismiss the Complaint but rather transfer the action to the Western District of Tennessee.  Goldlawr v. Heiman, 369 U.S. 463, 466 (1962).

Accordingly, the Court will deny Defendants' motion insofar as it seeks dismissal of this action but grant it insofar as it seeks the alternative relief of transfer pursuant to 28 U.S.C. § 1406(a).

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion is granted in part and denied in part. The Court will issue an order transferring this action to the Western District of Tennessee, pursuant to 28 U.S.C. § 1406.

     s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

DATED: July 17, 2009